**SURRANO LAW OFFICES**
Attorneys at Law

7114 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Phone:  (602) 264-1077
Fax:  (602) 264-2213

Charles J. Surrano III (007732) cjs@surranolawfirm.com
John N. Wilborn (013714) jnw@surranolawfirm.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Gruber; Gruber Motors, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> Carl G. Medlock and Cindy A. Medlock, husband and wife, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br> **(Defamation)** <br><br> **Jury Trial Demanded** |

As and for their Complaint against these Defendants, Plaintiffs Peter Gruber and Gruber Motors, LLC, (Plaintiffs), though counsel undersigned, seek a jury trial, and set forth and allege as follows:

1.  That Plaintiff Peter Gruber was at all relevant times herein a citizen and resident of Maricopa County, Arizona.

2.  That Plaintiff Gruber Motors, LLC was at all relevant times herein a duly registered and licensed business, transacting business and domiciled in Maricopa County, Arizona.

3.  That Defendants, Carl G. Medlock and Cindy A. Medlock (Defendants) were at all relevant times herein and still remain citizens of the State of Washington.

1

4. That at all relevant times herein described, the Defendants caused actions to occur that resulted in damage to the Plaintiffs in the State of Arizona and possibly elsewhere.

5. That Plaintiffs are seeking an award of actual and general compensatory damages, which exceeds $75,000.00, exclusive of interest and costs. That, additionally, Plaintiffs are seeking an award of attorneys' fees, and punitive damages.

6. That Plaintiff Peter Gruber is the owner of Plaintiff Gruber Motors, LLC, whose principal business is rebuilding and repairing electric motor vehicles, including Teslas.

7. That Defendants own a business named Medlock & Sons whose principal business is repairing and rebuilding vehicles including Teslas.

8. That the two companies and owners are familiar with each other and at one time had a business relationship.

9. That after a period of time that relationship ended and preceded the events alleged herein.

10. That on May 5, 2017, Gruber Motors, LLC suffered a fire that caused damage including the destruction of several vehicles.

11. The cause of the fire was determined to be a Tesla battery that caught fire while connected to an electric charging station.

12. That the fire was determined to be accidental.

13. That thereafter Gruber Motors, LLC rebuilt its business and expanded to another facility where its business continued to grow.

2

14. That on October 16, 2021, Gruber Motors, LLC suffered a second fire to a different facility causing extensive damage to the building and vehicles (Teslas) being stored there.

15. That that cause of the fire could not be determined because the heat from the fire caused too much destruction to the facility.

16. On October 18, 2021, Carl Medlock publicly tweeted (on Twitter) the following referencing the fire:

> 2 fires in 4 years? Come on. . . 36 Tesla Roadsters destroyed at the hands of Gruber.  Tesla works on thousands of Cars a year, we worked on over 100 Roadsters this year, neither of us burned up shops and cars?

17. That the Tesla Roadsters Owners' Group is an online discussion forum for owners of Tesla Roadsters.

18. On October 19, 2021 the Defendants also communicated to the to the Tesla Roadster Owners' Group:

> Long random thoughts but I need to vent and I do not want to do it anywhere people but us can see. . . .All the money in the world cannot buy common sense.  The speculation coming *from Peter* is interesting, deflect, blame a fuse panel, circuit breaker panel, etc. In my experience when something shorts the breaker flip/trip/blow and disconnects the "problem" from the panel.  But let's say more than one thing in the panel trips a breaker or overloads the panel.  Then the main breaker in the panel trips.  *The last time they torched their building* they spoke to someone on this page twenty minutes *before they torched the place*. . . . What torched the place this time I do not know but, we all have an idea. (Emphasis added)

19. That on, on October 19, 2021 Defendant Carl Medlock communicated in writing to the Tesla Roadster Owners' Group:

> Gruber has made so many videos calling us the low-tech auto shop and mocking us.  The shop of the future?  *What do I need to burn your*

3

*business down every four years and strike it rich on insurance claims? Buy 6 buildings in a complex with the money and then burn down one of them for the next round of cash?"* [sic] (Emphasis added)

20. That the Defendants' statements are defamatory and false.

21. That the statements accuse Peter Gruber and Gruber Motors of the felony crimes of arson and insurance fraud.

22. That the Defendants intentionally communicated these false statements to third parties.

23. That the manner in which third parties understood the Defendants' statement to be that of accusing the Plaintiffs of arson and insurance fraud was expressed in responses within the Tesla online forums, such as: "What a scam, incinerate the cars, beat down the prices, keep the cars and then sell the parts someone else paid for".

24. That another third party responded to the Defendants' posts in kind referencing items that imply the third party understood that the Defendant expressed that the Plaintiffs committed arson: "My bad. I already sold them a roadster cigarette lighter and some Tesla T-shirts soaked in alcohol. They didn't say what they needed it for."

25. That the Defendants were knowingly reckless in their disregard for the truth and intended to harm the Plaintiffs, even admitting so in another communication when Defendants stated in another post on November 27, 2021: "You might not like me, *or how I go after Peter* but one thing is for sure about me, if you want it straight, I am that guy." (Emphasis added)

26. That the Defendants acted with malice in making the false statements to "go after" the Plaintiffs.

27. That the Defendants were never part of any investigation into either fire and, thus, had no actual information on which to make the statements accusing the Plaintiffs of arson and insurance fraud.

28. The Plaintiffs did not commit insurance fraud.

29. That the insurance companies which investigated and covered the claims have never accused the Plaintiffs of insurance fraud.

30. That the false statements accusing the Plaintiffs of committing crimes are defamatory and defamation *per se.*

31. That the defamatory communications were made directly to potential clients of the Plaintiffs.

32. That the *per se* defamatory statements included, but were not limited to, allegations, express and implied, of criminal acts and/or enterprise.

33. That the actions of Defendants resulted in the incitement and promulgation of other defamatory remarks over the internet.

### COUNT I: DEFAMATION *PER SE*

34. That arson is a Class 4 felony in Arizona pursuant to A.R.S. §13-1703.

35. That insurance fraud is a Class 6 felony in Arizona pursuant to A.R.S. §20-466.01.

36. That conspiracy to commit arson is a Class 4 felony in Arizona pursuant to A.R.S. §13-1003.

5

37. That the Defendants' defamatory communications have caused injury to the Plaintiffs.

38. That the Plaintiffs' damages are presumed because the statements and publication of them by the Defendants constitution defamation *per se*.

39. That malice is presumed in defamation *per se*.

40. That the Defendants' communications evidence a conscious disregard for the likelihood that harm would result from making false statements about the Plaintiffs, entitling the Plaintiffs to an award of punitive damages.

41. That the Defendants should be enjoined from making any further false statements that concern or refer to the Plaintiffs.

42. That the Defendants should be enjoined to remove their defamatory and false statements that concern or refer to the Plaintiffs from the internet.

WHEREFORE, Plaintiffs asks this Court for the following relief:

A. An award in favor of Plaintiff and against the Defendants jointly and severally on defamation;

B. Actual and general compensatory damages;

C. Punitive damages;

D. Taxable costs;

E. A permanent injunction preventing the Defendants from uttering false and defamatory statements about the fires the Plaintiffs have suffered, requiring the Defendants to remove any and all false, defamatory statements under their control from all websites; and,

F. Trial by Jury.

///

6

1    DATED:        February 18, 2022.

2                                                       SURRANO LAW OFFICES

3

4                                          By:     s/ John N. Wilborn
                                                   Charles J. Surrano, III
5                                                  John N. Wilborn
6                                                  7114 E. Stetson Dr., Suite 300
                                                   Scottsdale, Arizona  85251
7                                                  Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26